# Thatcher's Requisition.

*Appeals—Extradition—Jurisdiction.*

On an appeal from an order of extradition, the jurisdiction of the appellate court is confined to an examination of the regularity and legality of the proceedings brought up by the certiorari and cannot be extended to an examination of the evidence adduced at the hearing, or to the rulings of the judge upon questions of evidence.

Motion for an order of supersedeas in the matter of the requisition for Alfred A. Thatcher, alias Riley, Oct. T., 1901, No. 282.

The petition of the appellant was as follows :

That he was a defendant in three bills of indictment of September sessions, 1900, of Philadelphia county, court of quarter sessions, Nos. 203, 204 and 205, in one of which he was charged with the crime of adultery, growing out of a second marriage, alleged to have been contracted by him in the state of New York, for which he was convicted and sentenced by the court of quarter sessions of Philadelphia county for the period of one year; at the expiration of said term for which he was sentenced, he was taken into custody as he was leaving the penitentiary, on a warrant issued by Magistrate Kochersperger, and remanded to await the arrival of requisition papers from the state of New York; said papers are alleged to have been served upon the governor of Pennsylvania, who is alleged to have recognized them, and issued an extradition warrant directing the sheriff of Philadelphia county to deliver up the body of your petitioner to the agent of the state of New York. The said sheriff in compliance with the act of May 27, 1878, and its supplements, took your petitioner before Hon. J. Willis Martin, president judge of the court of record, to wit : court of common pleas, No. 5 of Philadelphia county, and then and there your petitioner was remanded after hearing into the custody of said sheriff, to be delivered by him to the agent of the state of New York.

Your petitioner avers that said remanding was illegal and unjust, in that the court refused as follows :

1. That the requisition papers, and warrant of extradition

were illegally issued as William A. Stone, whose name was attached to the same, as governor of Pennsylvania, and who is alleged to have received and signed the same, as of the date set forth therein, was of that date out of the commonwealth of Pennsylvania, and as a matter of fact, did not so receive, and issue said papers.

2. That the said judge of said court of record, although requested to do so declined to hear any evidence on the return of the writ of habeas corpus, except as to the identity of your petitioner in violation of your petitioner's legal rights.

3. That your petitioner has already been sentenced by the court of quarter sessions of Philadelphia county as aforesaid for a cause arising out of the same state of facts.

He therefore prays your honorable court to admit him to bail until your honorable court shall fully hear and determine his rights in the premises.

*E. B. Lewis, John H. Fow* and *Edward A. Anderson*, for appellant.

PER CURIAM, December 16, 1901:

It is unnecessary at this time to express an opinion upon the question whether an appeal lies from the order referred to in the petition. It is sufficient for present purposes to say that even if an appeal does lie, our jurisdiction on appeal must necessarily be confined to an examination of the regularity and legality of the proceedings brought up by the certiorari and cannot be extended to an examination of the evidence adduced at the hearing or to the rulings of the judge upon questions of evidence. In saying this we are not to be understood as intimating that the rulings complained of were erroneous.

The motion for an order of supersedeas is denied.