## Commonwealth ex rel., Appellant, *v.* Superintendent of County Prison.

*Extradition—Constitutional law—Sufficiency of warrant—Character of the offense.*

Under the act of congress of February 12, 1793, Rev. Stat. 1022, passed in furtherance of section 2, art. IV, of the constitution of the United States relating to extraditions, it is requisite that a demand for the fugitive from justice be made by the executive authority of the state or territory from which he fled; that this be accompanied by an indictment found, or an affidavit made before a magistrate charging the fugitive with having committed a crime against the law of the state or territory; and that the copy of the indictment or affidavit be certified as authentic by the chief executive of the state or territory from which such person fled; but it is not necessary that the warrant issued by the governor should show that the offense alleged in the indictment is contrary to the statute or common law of the state where the offense is alleged to have been committed.

*Appeals—Records—Evidence—Extradition proceedings—Bill of exceptions.*

An appeal from an order in extradition proceedings takes up only the record, and not the evidence.   The fact that the judge of the quarter sessions granted a bill of exceptions, is immaterial, since it is based on no statutory authority.

Argued April 8, 1907.   Appeal, No. 48, Oct. T., 1906, by plaintiffs, from order of Q. S. Philadelphia Co., Feb. T., 1907, No. 2, remanding relator to custody in case of Commonwealth ex rel. Richard C. Flower, Superintendent of the County Prison.   Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Affirmed.

Petition for writ of habeas corpus.   Before SULZBERGER, P. J.

At the hearing the following offer was made :

Counsel for Richard C. Flower offered to prove that he did not know Isabella Gray Taylor, mentioned in indictment 42,324, court of general sessions of the peace, in and for the county of New York, attached to the requisition; that he did not sell her any stock; that he did not obtain any money from her; that he made no representations or misrepresentations to her; that she owned no ·stock as mentioned in said indictment; that she owned stock in another mining company (Lone Pine Mining Company), with which Richard C. Flower had no connection whatever; that one William F. S. Hart, of No. 5 Beekman street, New York city, had employed one H. C. Woodruff and Frank H. Burr, the latter for ten weeks at $25.00 per week, to have former stockholders of Arizona, Eastern and Montana Smelting, Ore Purchasing & Development Company employ said William F. S. Hart as their attorney, " to take criminal action against Flower for the purpose of securing the moneys invested in this stock."   That said William F. S. Hart had by such means become attorney for $150,000 par value of stock in Lone Pine Mining Company, with which R. C. Flower had no connection, taking said claims for collection on the basis of contingent fees of fifty per cent. and thirty-three per cent. That five of the clients of said William F. S. Hart, viz.: Isabella Gray Taylor, Henry C. Woodruff, Alden Solomans, Herman A. Butterick and S. W. Woolley, had had indictments found against Richard C. Flower; that no other indictments were pending against him ; that no civil suit had been instituted by William F. S. Hart, and that no civil suits existed, and besides statute of limitations had run against civil suits ; that the said actions of William F. S. Hart were in violation of the laws of the State of New York, constituting the crime

of champerty and punishable by imprisonment and disbarment.

The court overruled the offer. [2]

The court ordered that the relator be remanded to custody. [3]

*Errors assigned* were (2) ruling on evidence; (3) the order of the court.

*John McClintock, Jr.*, and *John C. Grady*, with them *Samuel M. Hyneman*, for appellant.—The executive department can act only in subordination to the judicial department where rights of person and property are concerned, and its duty in those cases consists only in aiding to support the judicial process and enforcing its authority, when its interposition for that purpose becomes necessary and is called for by the judicial department: Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. Repr. 291); Reggel's Case, 114 U. S. 642 (5 Sup. Ct. Repr. 1148); Com. v. Trach, 3 Pa. C. C. Rep. 65.

The court could not take judicial notice of the law of the state of New York, and the executive warrant does not state that the alleged offense is against the statutes or the common law of the state of New York: Butler's Case, 7 Luz. Leg. Reg. 209.

*Morris Wolf*, with him *John M. Patterson*, assistant district attorney, and *Samuel P. Rotan*, district attorney, for appellee. —The cases seem clear that there is no appeal or writ of error in habeas corpus cases, and that the only course which the relator can pursue, after a final order of the lower court, is to bring the record to the Superior Court by writ of certiorari: Clark v. Com., 29 Pa. 129; Com. v. Butler, 19 Pa. Superior Ct. 626; Com. v. McDougall, 203 Pa. 291; Hall v. Oyster, 168 Pa. 399; In re Diamond Street, 196 Pa. 254; Com. v. Strickland, 27 Pa. Superior Ct 309; Waynesburg Borough's North Ward, 29 Pa. Superior Ct. 525; Thatcher's Requisition, 18 Pa. Superior Ct. 533.

In the absence of statutory authority, a bill of exceptions should not be granted in any case, and a bill of exceptions granted without statutory authority must be disregarded: Middleton v. Com.,

2 Watts, 285; Hopkins v. Com., 50 Pa. 9; Schoeppe v. Com., 65 Pa. 51; Com. v. Strickland, 27 Pa. Superior Ct. 309; Farnsworth v. Montana, 129 U. S. 104 (9 Sup. Ct. Repr. 253); King's Case, 51 Fed. Repr. 434; Caldwell's Case, 138 Fed. Repr. 487; Vane's Case, 1 Levinz, 68; Faust v. Judge of Calhoun Circuit, 30 Mich. 266; Com. v. Harrold, 204 Pa. 154; Com. v. Bunnell, 20 Pa. Superior Ct. 51; Rodovinsky v. Knitting Co., 5 Pa. Superior Ct. 636; Levison v. Davis, 212 Pa. 148.

This court has no jurisdiction to inquire into the question of the guilt or innocence of the prisoner: Com. v. McCandlass, 7 Pa. C. C. Rep. 51; Grin v. Shine, 187 U. S. 181 (23 Sup. Ct. Repr. 98); White's Case, 55 Fed. Repr. 54; Bloch's Case, 87 Fed. Repr. 981; Bruce v. Rayner, 62 C. C. A. 501 (124 Fed. Repr. 481); Strauss's Case, 126 Fed. Repr. 327; Herskovitz's Case, 136 Fed. Repr. 713; Barranger v. Baum, 103 Pa. 465 (30 S. E. Repr. 524).

OPINION BY RICE, P. J., May 13, 1907:

The third assignment of error raises a question as to the sufficiency of the executive warrant. The constitutional provision upon the subject of fugitives from justice is in these words: " A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime: " Const. of the U. S., article iv., sec. 2. Under this provision of the constitution and the act of congress of February 12, 1793, Revised Statutes 1022 passed in furtherance thereof, it is requisite: that a demand for the fugitive from justice be made by the executive authority of the state or territory from which he fled; that this be accompanied by an indictment found or an affidavit made before a magistrate charging the fugitive with having committed a crime against the law of the state or territory; and that the copy of the indictment or affidavit be certified as authentic by the chief executive of the state or territory from which such person fled. It is claimed that the warrant issued by the governor of this commonwealth upon the requisition of the governor of the state of New York, which is under review in this appeal, is defective in not showing that the offense alleged in the indict-

ment therein referred to, is contrary to the statute or common law of New York. The question is not whether the statement in the warrant would be sufficient in an indictment to put the prisoner on trial in the state from which he fled, but whether it shows that he has been charged with a crime against the law of that state: Brown's Case, 112 Mass. 409. It would be hypercritical to say that a statement in the warrant is insufficient for that purpose, which sets forth that the fugitive "stands charged with the crime of grand larceny, first degree, committed in the county of New York, state of New York, and that he has fled from justice in that state," and is accompanied by a statement that a copy of the indictment, duly authenticated, is on file in the office of the secretary of the commonwealth.

The question which the appellant seeks to raise by the other two assignments is thus stated by his counsel: " Is defendant permitted to show that he is not only innocent of the alleged offense, but also that he had no connection whatever with the act and that the prosecution, etc., are not in good faith, but for the mere purpose of collecting an alleged debt?" The proper place for inquiry into the question of the guilt or innocence of the alleged fugitive from justice is in the courts of the state were the offense is charged to have been committed: Pettibone v. Nichols, 203 U. S. 192. And it is not apparent to us that, upon habeas corpus in extradition proceedings, evidence tending to show that the prosecution was not begun in good faith, but for the mere purpose of collecting a debt is receivable, or that, if received and believed, it would warrant the court in discharging the fugitive. But we need not go into the question as to the extent of the power of the court administering the writ of habeas corpus to review upon evidence the action of the governor of the commonwealth; for whatever may be its power in that particular, our revisory jurisdiction on appeal is very limited, and does not go to the extent here claimed. It is only such as the Supreme Court had upon certiorari prior to the act of 1887, whereby the name "appeal" was given to all appellate proceedings. In Commonwealth v. McDougall, 203 Pa. 291, which was an appeal from an order of the common pleas in a case of habeas corpus for the custody of a child, the Supreme Court distinctly declared that there is no appeal in the case of habeas corpus, even for the

custody of a child, and that the so-called appeal had only the effect of a certiorari, which brings up for review the record only, of which the opinion of the judge below forms no part. In a similar case it was said by this court, that no mode is provided by law, either by bill of exceptions or otherwise, for bringing upon the record of the court below the evidence given on the hearing: " The proceeding in this court, although called an appeal, is in legal effect but a proceeding upon certiorari, and, therefore, our jurisdiction is confined to an examination of the record proper, of which, as we have suggested, the evidence forms no part:" Com. v. Strickland, 27 Pa. Superior Ct. 309. See also Clark v. Com., 29 Pa. 129; Com. v. Butler, 19 Pa. Superior Ct. 626. In Thatcher's Requisition, 18 Pa. Superior Ct. 533, the question we are now discussing arose upon an application for an order of supersedeas, and we there held as follows: " It is sufficient for present purposes to say that even if an appeal does lie, our jurisdiction on appeal must necessarily be confined to an examination of the regularity and legality of the proceedings brought up by the certiorari, and cannot be extended to an examination of the evidence adduced at the hearing or to the rulings of the judge upon questions of evidence." But it may be said that in the present case, which was in the quarter sessions, the judge granted a bill of exceptions, in which is set forth the offer of evidence which was rejected, and thereby this ruling was brought upon the record. But a bill of exceptions granted without statutory authority must be disregarded, and it is not claimed that there is any statutory authority for granting a bill of exceptions in a case like the present. In Middleton v. Com., 2 Watts, 285, which was a criminal action for libel, the court sealed exceptions to the rejection of certain evidence, concerning which Chief Justice GIBSON, said: " It is not pretended that the judges were bound to seal these bills of exception; but it is said that as they have voluntarily done so, we are bound to inspect the matter supposed to be thus put on the record. But the statute sanctions nothing which it does not enjoin; and as it has been held in Sir Harry Vane's case, according to the report of it in 1 Levinz, 68, and Kelyng, 14, to be inapplicable to any criminal matter whatever, the case before us stands precisely as it would have stood before the stat-

ute ; to the component parts of a judicial record, as it is defined by the common law, nothing can be added without legislative sanction." Exceptions are now allowed in the quarters sessions in criminal cases by force of a later statute ; but this statute does not extend to a proceeding of this nature, and therefore the general common-law principle is applicable.

Finding no error or irregularity in the record the order must be affirmed.

The order remanding the relator, Richard C. Flower, is affirmed, and the record is remitted to the court below with directions that the said Richard C. Flower forthwith surrender himself into the custody to which he was remanded and that the aforesaid order hereby affirmed and the governor's warrant referred to in these proceedings be fully carried into effect.