# Commonwealth ex rel. *v.* Hare, Appellant.

*Habeas corpus—Appeals—Evidence—Extradition.*

An appeal in habeas corpus proceedings is in effect a certiorari, in which the jurisdiction of the appellate court is restricted to an examination of the record. The evidence introduced and the rulings of the judge thereon are not properly for the upper court.

*Extradition—Warrant of arrest—Fugitive from justice—Duty of governor—Criminal law.*

The constitutional provision on the subject of interstate extradition and the act of congress relating thereto are part of the supreme law of the land and of every state. Requisitions and warrants of arrest for alleged fugitives are issued under the laws of the United States. The statute of this state on the subject is in aid, merely, of the proceedings and in no sense inconsistent with the federal statute. Whether the warrant of arrest shall be issued or not is an executive consideration and the duty of the governor is absolute whenever the requisition from the demanding state is presented in due form, with the necessary accompanying papers as required by law, to the governor of the state where the accused has taken refuge. The latter is under obligation to issue a warrant for the surrender of the person accused if he is a fugitive from justice. If the requisition is in proper form he has no authority to determine whether the charge is true. The constitutional provision for extradition is in the nature of a treaty between the states to which the executive of each is bound to give effect.

Jurisdiction of the court on a writ of habeas corpus in an extradition proceeding does not involve any executive function. It is limited to (a) the identification of the person demanded; (b) an inquiry whether the

record shows that a crime was substantially charged against him and (c) whether he is a fugitive from justice.

Each state has the power unless forbidden by the constitution of the United States to declare what shall be offenses against her laws, and persons residing in such state are subject to her laws. The words "treason, felony and other crimes," in sec. 2, article IV of the federal constitution, include every offense against the laws of the demanding state without exception as to the nature of the crime. A state may make the desertion of a wife a crime, and a husband guilty of such an act and becoming a fugitive from justice may be arrested in the state to which he has fled, by proper extradition proceedings.

It is not necessary that the person accused should have fled from the state in which the crime is alleged to have been committed or have left it in apprehension of a prosecution to constitute him a fugitive from justice within the meaning of the federal statute. If, having been within a state, he is accused of having committed while there that which by its laws constitutes a crime and when he is sought to be subjected to criminal proceeding therefor, he has left its jurisdiction and is found within another state, he is a fugitive from justice. It is not important whether the accused leaves the state to avoid prosecution or not. His motive does not affect his relation to the law.

One who leaves a state after the date of the commission of an alleged crime becomes from the time of such leaving, within the meaning of the words of the constitution of the United States, a fugitive from justice, and if found in another state must be delivered by the governor of such state to the state whose laws are alleged to have been violated on the production of the the requisite evidence of the indictment or affidavit certified by the governor of the state from which the accused departed.

Submitted Oct. 31, 1907. Appeal, No. 179, Oct. T., 1907, by defendant, from order of C. P. Blair Co., June T., 1907, No. 108, discharging relator in case of Commonwealth ex rel. Buell N. Burlingame v. A. L. Hare, sheriff. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Writ of habeas corpus. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging the relator.

*R. A. Henderson* and *J. Banks Kurtz,* for appellants.—This court has held that its jurisdiction on appeal in habeas corpus proceedings extends only to an examination of the regularity

and legality of the proceedings brought up by certiorari: Thatcher's Requisition, 18 Pa. Superior Ct. 533; Com. v. Butler, 19 Pa. Superior Ct. 626.

The right of a state to demand the extradition or rendition by another state of persons who have committed offenses against its laws and have thereafter fled to the other state is founded upon the constitution of the United States. It is not dependent on interstate comity, courtesy or contract: Lascelles v. State of Georgia, 148 U. S. 537 (13 Sup. Ct. Repr. 687); Hyatt v. New York, 188 U. S. 691 (23 Sup. Ct. Repr. 456); Com. of Kentucky v. Dennison, 65 U. S. 66; Com. v. Johnston, 12 Pa. C. C. Rep. 263; Ex parte Morgan, 20 Fed. Repr. 298; Ex parte Smith, 3 McLean, 121; In re Fetter, 23 N. J. Law, 311.

It is questionable whether the states could constitutionally enter into an agreement or stipulation with each other for the purpose of defining or limiting offenses for which fugitives would or should be surrendered: Lascelles v. Georgia, 148 U. S. 537 (13 Sup. Ct. Repr. 687).

When the requisition of the demanding governor is presented to the executive of the state where the accused has taken refuge, together with all the necessary papers as required by law, the latter has no discretion, but is under a positive obligation to issue his mandate for the arrest and surrender of the person demanded: Kentucky v. Dennison, 65 U. S. 66; Matter v. Clark, 9 Wend. (N. Y.), 212; People v. Brady, 56 N. Y. 182; People v. Pinkerton, 17 Hun (N. Y.), 199; Work v. Corrington, 34 Ohio St. 64; In re Fetter, 23 N. J. Law, 311; Ex parte Swearingen, 13 S. Car. 74; In re Roberts, 24 Fed. Repr. 132; Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. Repr. 291); Johnston v. Riley, 13 Ga. 97; In re Voorhees, 32 N. J. Law, 141.

The learned court below makes the point that no hearing was given the relator before the governor. He is not entitled to a hearing before the governor: State v. Clough, 72 N. H. 178 (55 Atl. Repr. 554); Munsey v. Clough, 196 U. S. 364 (25 Sup. Ct. Repr. 282).

The words of the constitution, "treason, felony or other crime" include every offense made punishable by the law of

the state in which it was committed, from the highest to the lowest in the grade of offenses, including misdemeanors and statutory crimes:" Kentucky v. Dennison, 65 U. S. 66; Ex parte Reggel, 114 U. S. 642 (5 Sup. Ct. Repr. 1148); Lacelles v. Georgia, 148 U. S. 537 (13 Sup. Ct. Repr. 687); In re Leary, Fed. Cas. No. 8,162; Morton v. Skinner, 48 Ind. 123; In re Fetter, 23 N. J. Law, 311; In re Voorhees, 32 N. J. Law, 141; Brown's Case, 112 Mass. 409.

The relator is a fugitive from justice: Hyatt v. People, 188 U. S. 691 (23 Sup. Ct. Repr. 456); Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. Repr. 291); In re Cook, 49 Fed. Repr. 833; Drinkall v. Spiegell, 36 Atl. Repr. 830; In re Bloch, 87 Fed. Repr. 981.

*H. A. Davis* and *Thomas H. Greevy*, for appellee.—The relator was not a fugitive from justice: Com. v. Hart, 12 Pa. Superior Ct. 605.

The agreement made in the Interstate Extradition Congress in 1887 is kept by Pennsylvania and other states: In re Greenough, 31 Vt. 279.

The relator was entitled to a hearing before the governor: Ex parte Reggel, 114 U. S. 642 (5 Sup. Ct. Repr. 1148); Tenn. v. Jackson, 1 L. R. A. 370.

The relator was entitled to the writ of habeas corpus and a hearing by the court: Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. Repr. 291); Munsey v. Clough, 196 U. S. 364 (25 Sup. Ct. Repr. 282); Robb v. Connolly, 11 U. S. 624; Ex parte Todd, 47 L. R. A. 566; Com. ex rel. v. Trach, 3 Pa. C. C. Rep. 65.

The governor had the right to refer the matter to the court· Kentucky v. Dennison, 65 U. S. 66; State v. Toole, 69 Minn. 104.

OPINION BY HENDERSON, J., April 20, 1908:

Much of the discussion to which our attention is directed in the paper-books of the appellant and appellee is beyond the limits of our legitimate inquiry. The appeal is in effect a certiorari, in which our jurisdiction is restricted to an exami-

nation of the record. The evidence introduced and the rulings of the judge thereon are not properly before us: Com. v. Mc-Dougall, 203 Pa. 291; Com. ex rel. v. Strickland, 27 Pa. Superior Ct. 309; Thatcher's Requisition, 18 Pa. Superior Ct. 533. Turning to the record we find that the petition of the relator sets forth the fact that he was arrested on a warrant issued by the governor of the commonwealth, by virtue of a requisition to him addressed by the governor of the state of Illinois, copies of which warrant and requisition are attached to the petition. The charge against him is stated by the petitioner to be desertion or abandonment of his wife and this also appears from the warrant of arrest and the return of the sheriff to the writ of habeas corpus. The petitioner admits that he is the person against whom the proceeding was instituted and that he was resident in the state of Illinois at or about the time the offense is alleged to have been committed. The remainder of the petition is devoted to a denial of the allegation that he is guilty of the crime charged or that he is a fugitive from justice and the assertion that he did not have a hearing before the governor at the time the warrant of arrest was issued. We have on the record, therefore, the material facts which enable us to determine the regularity of the proceeding and the legality of the action of the court below. The constitutional provision on the subject of interstate extradition and the act of Congress relating thereto are part of the supreme law of the land and of every state. Requisitions and warrants of arrest for alleged fugitives are issued under the laws of the United States. The statute of this state on the subject is in aid, merely, of the proceeding and in no sense inconsistent with the federal statute. Whether the warrant of arrest shall be issued or not is an executive consideration and the duty of the governor is absolute whenever the requisition from the demanding state is presented in due form, with the necessary accompanying papers as required by law, to the governor of the state where the accused has taken refuge. The latter is under obligation to issue a warrant for the surrender of the person accused, if he be a fugitive from justice. If the requisition is in proper form he has no authority to determine.

whether the charge is true. The constitutional provision for extradition is in the nature of a treaty between the states to which the executive of each is bound to give effect. The jurisdiction of the court on. a writ of habeas corpus does not involve any executive function. It is limited to (a) the identification of the person demanded: (b) an inquiry whether the record shows that a crime was substantially charged against him; (c) whether he is a fugitive from justice: Roberts v. Reilly, 116 U. S. 80; Munsey v. Clough, 196 U. S. 364. The identity of the relator not being questioned we need only consider whether a crime is substantially charged and whether he is a fugitive from justice. That the defendant is indicted for desertion under an act of. the general assembly . of the state of Illinois approved May 13, 1903, appears in the. record. This act is, therefore, made punishable as a crime by the law of the state where it is alleged to have been committed. That the constitutional provision covers such a case admits of no doubt. Every act forbidden and made punishable by the law of a state is within its operation. The words " treason, felony and other crime " in section 2 of article IV. of the Federal Constitution include every offense against the laws of the demanding state without exception as to the nature of the crime: Ex parte Kentucky v. Dennison, 65 U. S. 66; Ex parte Reggel, 114 U. S. 650; Lascelles v. Georgia, 148 U. S. 537; In re Clark, 9 Wend. 212; Brown's ·Case, 112 Mass. 409. Each state has the power, unless forbidden by the constitution of the United States, to declare what shall be offenses against her laws, and persons residing in such state are subject to her laws.

It is not necessary that the person accused should have fled from the state in which the crime is alleged to have been committed or have left it in apprehension of a prosecution to constitute him a fugitive from justice within the meaning of the federal statute. If, having been within a state, he is accused of having committed while there that which by its laws constitutes a crime and, when he is sought to be subjected to criminal proceeding therefor, he has left its jurisdiction and is found within another state he is a fugitive from justice. It is not important whether the accused leaves the·state to

avoid prosecution or not. His motive does not affect his relation to the law. One who leaves a state after the date of the commission of an alleged crime becomes from the time of such leaving within the meaning of the words of the constitution of the United States a fugitive from justice and if found in another state must be delivered by the governor of such state to the state whose laws are alleged to have been violated on the production of the requisite evidence of the indictment or affidavit certified by the governor of the state from which the accused departed: Roberts v. Reilly, 116 U. S. 80; Appleyard v. Mass., 203 U. S. 222. The record brings the relator within the doctrine of these cases. He is accused of a crime in another state in which he was living at the time the offense was alleged to have been committed. A requisition was issued for his arrest by the governor of that state. He was found within this commonwealth. We must conclude, therefore, that within the meaning of the law he is a fugitive from justice. It was the duty of the court to remand the relator.

Since the foregoing opinion was written an opinion was handed down by the Supreme Court in the case of Com. ex rel. Richard C. Flower v. the Superintendent of Philadelphia County Prison, 220 Pa. 401, which sustains the conclusions here reached.

The order directing the relator's discharge is reversed and it is now ordered that the said Buell N. Burlingame be remanded to the custody of the sheriff of Blair county.