# Commonwealth, Appellant, *v.* Cooke.

*Extradition—Fugitive from justice—Requisition—Information—Act of May 24, 1878, P. L. 137—Act of congress, U. S. Revised Statutes, sec. 5278.*

The word "information" in the proviso of the first section of the Act of May 24, 1878, P. L. 137, which states that a "requisition must be accompanied with a certified copy of the indictment or information," is to be given its ordinary meaning of a written accusation sworn to before a magistrate upon which an indictment is afterwards founded, and not the mere technical meaning of a prosecution begun by the public prosecuting officer on his own initiative without any previous accusation, hearing or binding over.

Argued Oct. 20, 1913. Appeal, No. 98, Oct. T., 1913, by plaintiff, from order of Q. S. Phila. Co., April Sessions,

1913,. No. 4, dismissing writ of habeas corpus in case of Commonwealth ex rel. Frederick Brown v. Frederick A. Cooke, Superintendent of the County Prison. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for writ of habeas corpus.

From the record it appeared that the relator was charged with murder in the state of South Carolina, and that he was in custody on a requisition warrant issued by the governor of Pennsylvania at the request of the governor of South Carolina. There was nothing to indicate that the prisoner had been indicted in South Carolina. The requisition was based upon an affidavit and warrant charging the relator with murder. The relator complained that the requisition did not comply with the Act of May 24, 1878, P. L. 137, which provided that a "requisition must be accompanied with a certified copy of the indictment or information."

The act of congress of February 12, 1793, sec. 5278 of the Revised Statutes provides as follows:

"That whenever the executive authority of any State in the Union, or of either of the Territories, northwest or south of the River Ohio, shall demand any person as a fugitive from justice, of the executive authority of any such State or Territory to which such person shall have fled, and shall, moreover, produce the copy of an indictment found, or an affidavit made before a magistrate of any State or Territory as aforesaid, charging the person so demanded with having committed treason, felony or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged fled, it shall be the duty of the executive authority of the State or Territory to which such person shall have fled, to cause him or her to be arrested," etc.

The court dismissed the petition and remanded the relator.

*Error assigned* was the order of the court.

*T. D. Finletter*, with him *G. Edward Dickerson*, for appellant.—An information is an accusation in the nature of an indictment, from which it differs only in being presented by a competent public officer on his oath of office, instead of a grand jury on their oaths.

*Joseph H. Taulane*, assistant district attorney, with him *Samuel P. Rotan*, district attorney, for appellee.— It is submitted that under the act of 1878 no more is required than that there shall be produced to the governor of this State either a copy of an indictment or an affidavit charging the crime: Com. v. Trach, 3 Pa. C. C. Rep. 65; Com. v. McCandlass, 7 Pa. C. C. Rep. 51; Com. v. Supt. of County Prison, 220 Pa. 401; Com. v. Hare, 36 Pa. Superior Ct. 125.

OPINION BY HEAD, J., December 8, 1913:

In Com. ex rel. v. Hare, 36 Pa. Superior Ct. 125, and Com. ex rel. v. Sup't of County Prison, 220 Pa. 401, the principles that must control every material question now before us, save perhaps one, have been clearly and authoritatively declared. The restricted lines within which our inquiries must be confined are plainly marked. It is pointed out that the obligation of the executive of the asylum state, on the receipt of a formal demand for the surrender of a fugitive from the justice of another state, is rooted in the constitution of the United States and the act of congress passed to effectuate the constitutional provision. This provision it is declared "and the act of congress relating thereto, are part of the supreme law of the land and of every state." Further that "requisitions and warrants of arrest for alleged fugitives are issued under the laws of the United States," and that "the statute of this state on the subject is in aid, merely, of the proceeding and in no sense inconsistent with the federal statute."

Where a citizen of the United States, residing or even temporarily sojourning within the state of Pennsylvania, alleges that he has been arrested and deprived of his liberty without due process of law, he may successfully invoke the protection of our courts to the extent of securing a judicial ascertainment that the cause of his detention is or is not a legally sufficient one. Where, as here, it appears from the petition of the relator and the accompanying records, that he was arrested on a warrant from the executive of this commonwealth; that such warrant issued on the requisition of the executive of another state, demanding the surrender of the relator as a fugitive from justice; that with such demand there is produced either a copy of "an indictment found, or an affidavit made before a magistrate of any state— charging the person demanded with having committed a felony or other crime—certified as authentic by the governor" of the demanding state, prima facie at least every requirement of the federal statute has been satisfied and the constitutional obligation on the governor of this state is operative.

But the relator is not yet concluded. He may show if he can that he is not the person named in the requisition of the demanding governor and the indictment or sworn accusation produced with it. He may rightfully ask the court to determine from an examination of the record, whether or not he has been charged with "treason, felony or other crime" against the law of the demanding state. He may establish, if he can, that he is not a fugitive from justice within the ascertained and accepted meaning of that expression.

On the hearing following the writ of habeas corpus the relator was unable to avail himself of any of these lines of defense. The order remanding him necessarily followed unless the hand of the judge should have been stayed by reason of something contained in our own Act of May 24, 1878, P. L. 137, entitled, "An act to regulate proceedings under requisitions upon the governor

of this commonwealth for the apprehension of fugitives from justice."

We have already quoted the language of our Brother HENDERSON, speaking for this court, in Com. ex rel. v. Hare, supra. The title of the act is plainly a finger board pointing to the correctness of the conclusion indicated in the language quoted. It is true the proviso to the first section of the act, describing the requisition which becomes the basis of executive action here, uses these words: "provided that the said requisition be accompanied with a certified copy of the indictment or information from the authorities . . . . charging such person," etc. It is earnestly urged by the able counsel for relator that the word "information" in the proviso must be construed in its earlier technical sense, to wit, a prosecution begun by the public prosecuting officer on his own initiative without any previous accusation, hearing or binding over. As the record before us exhibits no copy of an indictment or information, thus construed, it is argued the governor's warrant was improvidently if not illegally issued and the relator should be discharged. We cannot so hold.

The obligation of the governor is imposed by the federal constitution. The federal congress has defined the conditions under which that obligation became binding and effective. There is evident in our statute no intent on the part of our legislature to say that the sphere of executive action is other than or different from that described in the act of congress. The title of it is indicative of a very different intent. So in the second section which prescribes the procedure it is declared to be the duty of the arresting officer to first take his prisoner before a judge of a court of record who shall inform the prisoner that "if he claim not to be the person mentioned in said requisition, indictment or affidavit before a magistrate," etc., he may have a writ of habeas corpus, etc. If then the two sections are to be so construed that each may be in harmony with

the other and both with the federal act, we must regard the word "information" in the first as the exact equivalent of the word "affidavit" used in the second and in the act of congress. This does no violence to the language of our act. It is of common experience that, in the practice of our criminal courts, the word "information" is ordinarily used as properly descriptive of the preliminary written accusation sworn to before a magistrate upon which the indictment is afterwards founded. Our books of reports exhibit many cases in which the correctness of such use has received the sanction of both court and counsel. We must therefore conclude the position we are urged to take is untenable.

As our functions under the writ of certiorari are properly limited no discussion of the other assignments of error is necessary. They are all overruled.

The order of the court below remanding the relator, is affirmed.