### UNITED STATES ex rel. BROWN v. COOKE.

(Circuit Court of Appeals, Third Circuit. December 11, 1913.)

#### No. 1,754.

HABEAS CORPUS (§ 103*)—EVIDENCE—EXTRADITION PROCEEDINGS.

In determining the judicial question whether a fugitive from justice has been lawfully demanded from the asylum state, in a proceeding for his discharge on habeas corpus, the court cannot take into consideration the question whether or not he will be accorded a fair trial in the demanding state.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 90, 91; Dec. Dig. § 103.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Habeas corpus proceeding by the United States, on the relation of Frederick Brown, against Frederick A. Cooke, Superintendent of the Philadelphia County Prison. Judgment for respondent, and relator brings error. Affirmed.

G. Edward Dickerson, of Philadelphia, Pa., for plaintiff in error.
Geo. Bell Timmerman, of Lexington, S. C., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The relator, a colored man residing in Philadelphia, is charged with the commission of a homicide in South Carolina several years ago, and was arrested under a warrant issued by the Governor of Pennsylvania in response to a requisition from the Governor of South Carolina. The District Court granted a writ of habeas corpus, but after a hearing declined to interfere; the correctness of this refusal being now before us.

Our decision has awaited the disposition by the Pennsylvania superior court of a similar proceeding brought by the same relator, which was begun in the common pleas of Philadelphia county, and was removed to the superior court after the relator had been remanded. As these proceedings antedated the application to the District Court, it seemed advisable to defer action on the writ of error now under consideration until the superior court should dispose of the appeal before that tribunal. The court's judgment has just been announced, and in a clear and satisfactory opinion (Penna. v. Cooke) Judge Head

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

has shown that the relator's rights have been carefully protected, but that he is not entitled to be discharged from custody. We agree with this conclusion. No question is properly raised before us that has not been discussed and decided frequently both by the federal courts and by the courts of the states; and we content ourselves with citing some of the many cases that bear upon the points now in controversy: Hyatt v. New York, 188 U. S. 691, 23 Sup. Ct. 456, 47 L. Ed. 657; Illinois v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121; Strassheim v. Daily, 221 U. S. 280, 31 Sup. Ct. 558, 55 L. Ed. 735; Pennsylvania ex rel. Flower v. Superintendent of Prison, 220 Pa. 401, 69 Atl. 916, 21 L. R. A. (N. S.) 939; Pennsylvania v. Hare, 36 Pa. Super. Ct. 125; Pennsylvania v. Cooke, supra.

It was earnestly urged upon us by the relator's counsel that we should take judicial notice of certain matters that are not upon the record, but were said to be established by common fame. These, it was argued, show that the relator is not likely to have a fair trial—and probably will not have a trial at all—in the courts of the demanding state. We intimate no opinion concerning the weight this argument should receive, but certainly it cannot properly be considered by this court. Occasionally such arguments have been taken into account by the executive of a state—whether legally or arbitrarily is not a matter of present concern—but they cannot be allowed to influence a court's decision upon the judicial question whether a fugitive from justice has been lawfully demanded from the asylum state. In the present case this particular argument was answered on behalf of the demanding state by the most explicit assurance that the apprehensions expressed for the relator's safety and his right to a fair trial were wholly without foundation; and, so far as this court is concerned, we must leave the subject in that situation.

The judgment of the District Court is affirmed.

NOTE.—This case has been removed to the Supreme Court.