# Commonwealth ex rel., Appellant, *v.* John A. Steele, Sheriff.

*Extradition—Constitutional law—Sufficiency of warrant.*

Under the Act of Congress of February 12, 1793, Rev. Stat. 1022, passed in furtherance of section 2, article IV, of the Constitution of the United States, relating to extraditions, it is requisite that the record disclose that a demand by the executive has been made for the party in custody as a fugitive from justice, that the demand is accompanied by a copy of an indictment or affidavit charging him with having committed a crime within the demanding state; that the copy of such indictment or affidavit was certified as authentic by the governor of the state making the demand; and that the person demanded is a fugitive from justice.

Where the governor of the asylum state, in extradition proceedings, has ascertained the existence of facts specified in the statute, and issued his warrant for the delivery of the alleged fugitive, the latter may still sue out a writ of habeas corpus in the proper court to test the validity of the proceeding.

Where a defendant was convicted in Ohio and sentence was suspended and he escaped into Pennsylvania and extradition was resisted on the ground that the relator committed an offense indictable there in 1917, but not indictable in Pennsylvania until made so by the Act of 1919, the court properly sustained the validity of the extradition where it appeared that the offense committed was a misdemeanor under the Act of March 13, 1903, P. L. 26.

Argued October 24, 1921. Appeal, No. 164, Oct. T. 1921, by plaintiff, from order of C. P. of Huntingdon County, Sept. T., 1921, No. 3, remanding relator to custody in case of Commonwealth ex rel. George Lytle v. John A. Steele, Sheriff. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for writ of habeas corpus. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court ordered that the relator be remanded to custody.

*Error assigned* was the order of the court.

*Harry W. Petrikin,* for appellant, cited: Com. v. Mc-Candlass, 7 Pa. C. C. 51; 21 Cyc. p. 322; Com. ex rel. Nuber v. Keeper of Workhouse, 6 Pa. Superior Ct. 420.

*Chester D. Fetterhoff,* for appellee.

OPINION BY HEAD, J., March 3, 1922:

Article IV, section 2, of the Federal Constitution defines the rights and obligations of the several states of the Union in cases where a person charged with crime in one state has fled from its justice and sought an asylum in a different state. To carry the constitutional provision into effect and provide the procedure to be adopted in such cases the Federal Congress passed the Act of February 12, 1793, revised statutes 1022. Where the governor of the asylum state has ascertained the existence of the facts specified in the statute and issued his warrant for the delivery of the alleged fugitive, the latter may still sue out a writ of habeas corpus in the proper court in order to test the validity of the proceeding. The whole question viewed from about every possible angle has been thoroughly threshed out in the opinion of RICE, P. J., in Com. ex rel. Flower v. Superintendent of the Prison, 33 Pa. Superior Ct. 594, and in the opinion of Mr. Justice MESTREZAT in the same case, affirming the judgment of this court, reported in 220 Pa. 401. The appeal in the present case is from the order of the Court of Common Pleas of Huntingdon County, from which court there issued a writ of habeas corpus on the petition of the appellant. After a hearing that court determined the proceedings before the chief executive were regular and in accordance with law and, as a consequence, remanded the relator to custody to

the end that he might be delivered to the agent of the Governor of Ohio.

Without attempting to add anything to the clear exposition of the legal questions involved in the cases already referred to, we may note the summary of the few essential ingredients which the record must disclose, in order to support the act of the governor of the asylum state in surrendering the alleged fugitive. "(1) That a demand by the executive has been made for the party in custody as a fugitive from justice and that the demand is accompanied by a copy of an indictment or affidavit charging him with having committed a crime within the demanding state; (2) that the copy of such indictment or affidavit was certified as authentic by the governor of the state making the demand; (3) and that the person demanded is a fugitive from justice." It is manifest, therefore, that the duty of the court issuing the writ of habeas corpus as well that of the appellate court reviewing the proceedings, lies within a narrow compass. It cannot be doubted in the case at bar that our governor had before him a requisition from the governor of the State of Ohio demanding the surrender of this appellant as a fugitive from the justice of the former state, and that such demand was accompanied both by a copy of the indictment which had been duly found as well as by affidavits, charging him with the commission of an act that was at that time a criminal offense in the State of Ohio. Nor will an examination of the record lead to any other conclusion than that the copy of such indictment and affidavits was certified to as authentic by the governor of the state making the demand. Was the relator in the court below, the appellant here, a fugitive from justice? He pleaded guilty to the offense charged in the indictment. The acts there charged were not only an offense against the laws of the State of Ohio, but they were also an offense against the laws of the State of Pennsylvania. Our Act of 13th March, 1903, is entitled "An act making it a misdemeanor for a husband

or father to desert and neglect to support his wife or children; prescribing the penalty therefor, and making the wife a competent witness in such cases." It declares, among other things, "and provided further, That upon conviction, the court may suspend sentence, upon and during compliance by the defendant with any order for support theretofore made against him, as already made or as may thereafter be modified, in the manner now provided by law, etc." To the same effect is our later statute of 12th July, 1919, P. L. 939, which substantially reënacts every provision of the Act of 1903. As already stated, the present appellant entered a plea of guilty to the charge against him and was sentenced to the Ohio state penitentiary for a period of from one to three years. The trial judge who imposed the said sentence, almost immediately thereafter suspended the execution of the same for such period of time as the defendant would comply with certain conditions in furtherance of the public good and of especial benefit to his suffering wife and children. We apprehend it cannot be seriously contended, and certainly it cannot be successfully urged in this proceeding, that the Ohio court exceeded its power or authority in thus suspending the execution of the sentence. Nothing was offered in evidence, either before the governor or the court below, to show that the laws of the State of Ohio in this respect were different from our own laws. In such cases the courts of Pennsylvania do not assume to take judicial cognizance of the laws of every state in the Union, but in the absence of evidence to the contrary, will proceed on the theory those laws are the same as the laws of the State of Pennsylvania. After complying for a time with the condition upon which the sentence was suspended, the defendant in that proceeding, the appellant here, left the State of Ohio and the jurisdiction of the court imposing the sentence, and was later found in Huntingdon County, Pennsylvania, with the result we have already indicated.

We have but a single assignment of error which complains generally of the entry of the order by the court below, after the hearing upon the writ of habeas corpus.

The argument advanced by the learned counsel for the appellant complains chiefly that the court below took cognizance of the certified copies of the affidavits accompanying the record made in the State of Ohio. The argument is faulty in several respects. It declares "the Ohio record discloses that the relator committed an offense indictable there in 1917 but not indictable in Pennsylvania until made so by the Act of 1919." Our Act of 1903, already referred to, is the conclusive answer. Again, it is stated, "the apparent attempt here is to extradite the relator, and notwithstanding the suspended sentence and the compliance in part with the support order, resentence him after the expiration of more than three years and of many terms of court." We can find no warrant in the record for such a statement. The notion that there is any intention on the part of the courts of Ohio to resentence the appellant or that there is any necessity for such a course is wholly without foundation that we can discover. It is further contended, as suggested, that the court below committed reversible error in considering the affidavits already referred to. It is admitted such affidavits may perhaps be properly considered by the governor in determining the question of extradition. But they are neither competent nor admissible before the court on a hearing on a writ of habeas corpus. Why not? The business and the only business of such court is to determine whether or not the governor proceeded regularly and in accordance with law. It seems to us it would be anomalous to say that the action of the governor was fully warranted by evidence which it was his duty to receive and consider, but that the court in passing upon the legality of the action of the executive must discard important evidence properly received and considered by him. A general statement taken from 21st Cyc. 322: "The general rules of

the law of evidence relating to burden of proof and presumptions and the admissibility and sufficiency of evidence are ordinarily applicable in habeas corpus proceedings" is no warrant for the conclusion predicated thereon. In the light of the language of the act of Congress which makes a duly certified copy of an affidavit the equivalent of a copy of an indictment found, it seems to be unnecessary to consume time showing there is nothing in the general rule we have quoted, when applied to the facts of this case, to convict the court below of error. Finally, we may add, that an examination of our own case of Com. ex rel. Nuber, 6 Pa. Superior Ct. 420, will disclose that in every essential fact which controlled the judgment there rendered, the case is fundamentally different from the one before us.

The assignment of error is overruled. The order of the court below is affirmed and the record is remitted with direction that the appellant forthwith present himself before the said court of common pleas and there comply with the order or decree already made by that court; the costs of this appeal to be paid by the appellant.