# Commonwealth of Pennsylvania v. Tiblerino, Appellant.

*Criminal law—Extradition—Habeas corpus.*

On appeal in habeas corpus proceedings, the relator was properly remanded to the custody of the sheriff for compliance with the extradition warrant of the governor, when the executive warrant disclosed upon its face all the facts essential to its validity, and where the hearing in the court below established that the defendant was charged with crime in the State of New Jersey, and that he had been found in Pennsylvania where he was arrested by virtue of the extradition warrant issued by the governor.

The relator was therefore a fugitive from the justice of the State of New Jersey. He was charged with an offense against its laws, and the proper tribunal to determine his guilt or innocence was a court of that state.

Submitted April 9, 1923. Appeal, No. 70, Oct. T., 1923, by Anthony Tiblerino, from order of Q. S. Philadelphia County, Jan. sessions, 1923, remanding him on habeas corpus proceedings for return as a fugitive from justice in the case of Commonwealth of Pennsylvania v. Anthony Tiblerino, alias Jimmy Caster. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for writ of habeas corpus. Before BARTLETT, J.

The facts are stated in the opinion of the Superior Court.

The court refused the writ. Defendant appealed.

*Error assigned* was the order of the court.

*John J. McDevitt, Jr.,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, April 16, 1923:

The appellant, upon writ of habeas corpus, challenges the sufficiency of the warrant of the Governor of the Commonwealth, directed to the Sheriff of Philadelphia County, for the delivery of appellant to the agent of the State of New Jersey, pursuant to the requisition of the Governor of that state, in which he was charged with crime. The court below after a hearing remanded appellant to the custody of the sheriff, for compliance with the executive warrant.

This appeal is absolutely without merit. The executive warrant disclosed upon its face all the facts essential to its validity. The hearing in the court below established that the defendant was charged with crime in the State of New Jersey and that he had been found in

9, (1923).]          Opinion of the Court.

Pennsylvania, where he was arrested by virtue of the extradition warrant issued by the Governor. "He is, therefore, a fugitive from the justice of the State of New Jersey": Com. ex rel. Flower, v. Superintendent of County Prison, 220 Pa. 409. There is no question as to the identity of the appellant; he is the man named in the warrant of the Governor. The relator is charged with an offense against the laws of the State of New Jersey, and the proper tribunal to determine his guilt or innocence is a court of that state: Com. ex rel. Flower v. Superintendent of County Prison, supra; Com. ex rel. Steele, 78 Pa. Superior Ct. 352.

The judgment of the court of quarter sessions is affirmed; and the record is remitted to that court with direction that the said Anthony Tiblerino, alias Jimmy Caster, forthwith surrender himself into the custody to which he was remanded, and that the warrant of the Governor of Pennsylvania be fully carried into effect.