Commonwealth ex rel. Spivak, Appellant,
*v.* Heinz.

Argued May 9, 1940.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES
and HIRT, JJ.

*Frank Schwartz,* with him *Louis Little,* for appellant.

*Louis L. Kaufman,* with him *Rody Ruttenbusch, Andrew T. Park,* District Attorney, and *Harold A. Zelinkoff,* Deputy County Attorney of Wichita, Kan., for appellee.

OPINION BY BALDRIGE, J., July 19, 1940:

In this appeal, arising out of a habeas corpus proceeding, the petitioner, John L. Spivak, contests the validity of an extradition warrant issued by the governor of Pennsylvania ordering his surrender to the authorities of the state of Kansas to answer a charge of criminal libel alleged to be contained in a book, which the petitioner caused to be printed and published in New York.

Our duty is confined to determining whether this proceeding was had in accordance with the law.

The petitioner alleged in his application for a writ of habeas corpus, inter alia, that his imprisonment is illegal as, (1) he is not a fugitive from the state of Kansas, (2) he was not within the borders of that state

at or about the time the crime was alleged to have been committed, and (3) he is guilty of no offense in this Commonwealth of which he is a resident that amounts to a crime in the demanding state.

The right of the accused to challenge the validity of the extradition proceedings by habeas corpus is expressly given him in Section 10 of the Act of April 21, 1927, P. L. 327, 19 PS §129. That right has been always recognized by our courts. See *Commonwealth ex rel. v. Hare*, 36 Pa. Superior Ct. 125, *Commonwealth ex rel. v. John A. Steele, Sheriff*, 78 Pa. Superior Ct. 352.

In approaching a discussion of the question before us we recognize that it is the duty of this Commonwealth to aid in the punishment of crime committed in another state by the prompt extradition of a fugitive from justice found within its jurisdiction. If the demanding state in its requisition has complied with the legal requirements, neither our governor nor this court has the power to inquire into the motives of the prosecution or whether the charge is true. On the other hand, it is the obligation of this Commonwealth to protect the liberty of its citizens and not to permit extradition proceedings to be simply a pretext for removing them to another jurisdiction for a purpose other than that within the intendment of the constitution and appropriate statutes: *Commonwealth ex rel. v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 69 A. 916.

Two extradition warrants were issued. The first, dated April 12, 1940, stated in part: "Whereas, It has been represented to me by his Excellency the Governor of the State of Kansas that John L. Spivak stands charged by *information and warrant* with the crime of Libel committed in the County of Sedgwick in said State, and that *he has fled from justice* in that State, and taken refuge in the State of Pennsylvania ......" (Italics supplied).

It appearing in the course of this proceeding that the

petitioner is not a fugitive from the demanding state, the parties by their respective counsel filed a written stipulation of agreed facts which expressly concedes the incorrectness and at once disposes of the first two allegations heretofore referred to, as it stated therein that: "John L. Spivak is not a fugitive from the justice of the State of Kansas [and] ...... was not personally present in the State of Kansas when the alleged crime of libel was committed."

The stipulation further recites that the petitioner "wrote, printed, published and distributed the alleged libel in and from the State of New York ...... disseminated and communicated the alleged libel by delivery, circulation and sale in each of the remaining forty-seven states of the United States and particularly in the Commonwealth of Pennsylvania and in Sedgwick County in the State of Kansas ......"

The authorities of Kansas thereupon secured a second warrant from the governor of Pennsylvania. It was plainly intended to be drawn under and in compliance with Section 6 of the Act of 1927, supra, 19 PS §125, and reads in part as follows: "Whereas, it has been represented to me by the Governor of the State of Kansas, that John L. Spivak, *stands charged with the crime of Libel,* and *has committed an act intentionally resulting in said crime in said State* and is now in the State of Pennsylvania ......" (Italics supplied).

The material portion of Section 6 of that statute is as follows: "The Governor of this State may also surrender, on demand of the executive authority of any other state, any person in this State charged, on indictment found in such other state, with *committing an act in this State, intentionally resulting in a crime in such other state* ......" (Italics supplied).

The court below held this second warrant was in compliance with the law and dismissed Spivak's application for a writ of habeas corpus. The success or failure of this appeal taken by the petitioner rests on the

answer to his third contention. It raised the question: Does the warrant on its face show the jurisdictional facts that an offense was committed in this Commonwealth that resulted in a crime in Kansas?

The governor's warrant is presumptive, but not conclusive evidence of every fact essential to its validity, as the facts may by competent evidence be shown to be false. It may be attacked as void on its face or by establishing that the jurisdictional facts necessary to its issuance do not exist. Section 7 of the Act of 1927, supra, 19 PS §126, provides the extradition "warrant must substantially recite the facts necessary to the validity of its issue." *Commonwealth ex rel. v. Superintendent of Philadelphia County Prison*, supra. Whether the accused is charged on the face of the extradition papers with the crime is a jurisdictional question which is open to judicial inquiry and review: 22 Am. Jur., Extradition, §54.

If the accused successfully contradicts jurisdictional facts, he is entitled to discharge from custody. "It is conceded that the determination of the fact by the executive of the State in issuing his warrant of arrest ...... must be regarded as sufficient to justify the removal until the presumption in its favor is overthrown by contrary proof": *Roberts v. Reilly*, 116 U. S. 80, 93, 6 S. Ct. 291, 300, 29 L. Ed. 544. See, also, *Hyatt v. N. Y. ex rel. Corkran*, 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657.

The alleged criminal libel, as above noted, was admittedly not printed or published in Pennsylvania, but in New York. It is not alleged that the petitioner sent the books from Pennsylvania to Kansas. One, who merely distributes or sells in Pennsylvania books alleged to contain a criminal libel, cannot be legally charged with "committing an act in this state, intentionally resulting in a crime" in the distant state of Kansas. Keeping in mind the admitted facts of record, it is apparent the face of the second warrant does not

recite the essential jurisdictional facts and therefore does not come within the purview of Section 6 of the Act of 1927, supra.

Counsel for the appellee argues that it must be held that the warrant by implication charges the petitioner with committing an act in this state intentionally resulting in a crime in the demanding state. That contention overlooks the fact that the warrant of extradition must on its face expressly state all facts essential to its validity. The provisions of Section 6 of the Act of 1927, supra, authorizing the issuance of warrants of extradition in cases where the accused is not a fugitive, may deprive petitioner of his liberty and must, therefore, be strictly interpreted: *United States ex rel. McCline v. Meyering, Sheriff*, 75 F. (2nd) 716 (C. C. A. 7th 1935).

No authority has been cited and we found none that justifies us in holding that the requisite facts of an extradition warrant may be supplied by intendment or implication. For the reasons stated we think the warrant was invalid and that the court below was in error in discharging the writ of habeas corpus and remanding petitioner into the custody of the sheriff of Allegheny County, to be delivered to the proper authorities of the State of Kansas.

In view of our conclusion it is unnecessary to discuss whether the warrant was defective also because the relator stood charged in the demanding state under information and warrant of the crime of libel rather than on indictment as set forth in Section 6 of the Act of 1927, supra.

The judgment and order of the court below is reversed and the petitioner is discharged.