## Commonwealth ex rel. Davis, Appellant, *v.* Dye, Warden.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*Louis L. Kaufman,* with him *Artemas C. Leslie,* District Attorney, for appellee.

PER CURIAM, July 17, 1947:

Relator was arrested by virtue of an executive warrant issued by the Governor of this Commonwealth pursuant to a request for his extradition by the Governor of the State of Alabama.

Relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Allegheny County. A writ was issued by that court and a hearing held at which evidence was offered by relator and received by the court. The writ was dismissed and relator was remanded to jail there to be turned over to the proper officers from the state of Alabama. The relator has appealed.

The petition for writ of habeas corpus averred that relator was being held illegally and without lawful cause. On the appeal to this Court relator takes the position that he is legally within the Commonwealth of Pennsylvania, and is not a fugitive from justice. Relator was convicted of the crime of burglary in the state of Alabama in the year 1936. After being tried he was found guilty of two separate burglaries and sentenced to the penitentiary on May 4, 1936, in the state of Alabama for a term of 3 to 5 years for each offense, the sentences to run consecutively. Relator remained in the penitentiary about three weeks, and was then transferred to the State Farm, Atmore, Alabama, where he remained for about three years. From there he was transferred to Camp Decatur, Alabama, where he remained for about two years or until October 6, 1941. Up to this time relator had served about five years and five months of his minimum sentences. He escaped from Camp Decatur, and subsequently entered the army on August 28,

1942. He did not disclose that he had escaped from confinement. He was discharged at Indiantown Gap, Pennsylvania, on November 17, 1945, and thereafter resided in Pittsburgh until his arrest.

Relator is an escaped convict, and this is conceded in his own testimony, and the argument that he is not a fugitive from justice has no support in the record. Relator was indicted and convicted of a crime in Alabama; he has been found within the Commonwealth of Pennsylvania; and he has been arrested by virtue of the executive warrant issued by the Governor of this Commonwealth. He is therefore a fugitive from the justice of the State of Alabama. *Com. v. Tiblerino,* 81 Pa. Superior Ct. 9; *Com. ex rel. Burlingame v. Hare,* 36 Pa. Superior Ct. 125; *Com. ex rel. Flower v. Superintendent of Philadelphia County Prison,* 220 Pa. 401, 409, 69 A. 916; Act of July 8, 1941, P. L. 288, 19 PS 191.1 et seq.; Rev. St. 5278, 18 U.S.C.A. 662; *Glass v. Becker,* 9 Cir., 25 F. 2d 929. The warrant and the requisition in the extradition proceedings introduced in evidence in the habeas corpus proceeding made out a prima facie case. See *Broyles v. Mount* (S. Ct. of Ga.), 30 S.E. 2d 48.

There was no abuse of discretion by the court below, and the order from which relator has appealed is in conformity with the record which would admit of no other conclusion. See *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 49 A. 2d 195; *Com. ex rel. Mattox v. Superintendent of County Prison,* 152 Pa. Superior Ct. 167, 31 A. 2d 576; *Com. ex rel. Spivak v. Heinz,* 141 Pa. Superior Ct. 158, 14 A. 2d 875.

The order of the court below is affirmed, and the record is remitted to the court below with directions that relator forthwith surrender himself into the custody to which he was remanded, and that the Governor's warrant be fully carried into effect.