Commonwealth ex rel. Katz, Appellant, v.
Philadelphia Prison Superintendent.

Argued March 23, 1948. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Arthur W. A. Cowan,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with
him *John H. Maurer,* District Attorney, for appellee.

PER CURIAM, April 13, 1948:
The Governor of the Commonwealth of Pennsylvania,
on January 21, 1948, issued a warrant for the extradition
of relator pursuant to a written demand by the Gov-
ernor of the State of New York requesting the return of
relator to answer a charge of grand larceny in the first
degree with which he had been charged in the latter
State. Relator was held in custody in the County of

Philadelphia, and counsel filed on his behalf a petition for a writ of habeas corpus in the court of quarter sessions of that county. It contained no specific averments of fact, but merely a general allegation that relator was unjustly deprived of his liberty. Writ was issued. At the hearing thereon, copy of the indictment was produced in the court below. Counsel for relator seemed to have proceeded on the theory that the extradition proceedings were invalid for two reasons: (1) that there was fraud by the complaining witness, and (2) that the extradition papers were defective as a matter of law. The court below dismissed the writ, whereupon relator appealed to this court.

The executive warrant showed on its face all the facts essential to its validity; it was prima facie evidence of the existence of every fact which the executive was obliged to determine before issuing it. See *Com. ex rel. Flower v. Superintendent of Philadelphia County Prison*, 220 Pa. 401, 405, 69 A. 916; *Com. v. Tiblerino*, 81 Pa. Superior Ct. 9. But on this appeal relator only contends that the indictment charges no crime. It is true that the indictment, information, or affidavit, a copy of which shall accompany the demand for extradition, "must substantially charge the person demanded with having committeed a crime under the law of that [the demanding] state, . . ." Act of July 8, 1941, P. L. 288, § 3, 19 PS § 191.3. See, also, *Com. ex rel. Flower v. Superintendent of Philadelphia County Prison*, supra, 220 Pa. 401, 403, 69 A. 916. In the *Flower* case, supra, 220 Pa. 401, 404, 69 A. 916, it was held that: "The accused may contest the validity of the extradition proceedings on habeas corpus. He may show that he is not charged with a crime in the demanding state, or that he is not a fugitive from the justice of the demanding state. These are jurisdictional facts, and if the accused can successfully controvert either, he is entitled to be discharged from custody." The indictment in the present case charges grand larceny in the first degree in three

separate counts: (1) by false representations, under section 1290 of the New York Penal Code; (2) by withholding, under the same section; and (3) common law larceny. Relator's argument is directed against the validity of the first count only. He does not suggest that the second and third counts fail substantially to charge him with a crime under the law of the State of New York.[1] Since the second and third counts are adequate to sustain the demand for extradition, it is not necessary for us to consider relator's argument relative to the adequacy or inadequacy of the first count. Our review on appeal is limited (the appeal is in the nature of a certiorari, *Commonwealth ex rel. Mattox v. Superintendent of County Prison*, 152 Pa. Superior Ct. 167, 170, 31 A. 2d 576), and we observe no error on the part of the court below in dismissing the writ.

The order of the court below is affirmed, and the record is remitted to the court below with direction that relator forthwith surrender himself into the custody to which he was remanded, and that the Governor's warrant be fully carried into effect.

[1] A crime was held to be substantially charged where the accused was specifically indicted under a statute of the State of Illinois. *Com. v. Hare*, 36 Pa. Superior Ct. 125.