Opinion by
 

 Fine, J.,
 

 This is a habeas corpus proceeding to secure the release of Fletcher Mills, appellant, held by virtue of an extradition warrant issued on April 22, 1949, by the Governor of this Commonwealth upon a requisition for extradition by the Governor of the State of Alabama. The relator was indicted on a charge of assault with attempt to commit murder in Tuscaloosa County, Alabama. On August 5, 1949, the relator filed his petition for a writ of habeas corpus averring that if he is returned to Tuscaloosa County his life will be in danger and he will probably meet death by mob violence; that he will be so terrorized that he will be unable to make a valid defense to the criminal charges; and that he will not receive a fair and impartial trial in the courts of the demanding state. The court below, after two hearings, dismissed the writ and the relator was remanded to jail. He now appeals contending that (1) there is substantial evidence to show a present danger of lynching, sufficiently strong to bar extradiction, and (2) the court below abused its discretion in refusing his motion for a continuance.
 

 An appeal from an order of the court in this habeas corpus proceeding is in the nature of a certiorari. The scope of appellate review is, therefore, definitely limited and our inquiry may be directed only to whether the court below had jurisdiction of the subject matter and whether the proceedings are regular and in conformity
 
 *324
 
 Aidtli htw.
 
 Commonwealth ex rel. Mattox v. Supt. of Co. Prison,
 
 152 Pa. Superior Ct. 167, 170, 31 A. 2d 576;
 
 Commonwealth ex rel. Flower v. Supt. of Co. Prison,
 
 220 Pa. 401, 408, 69 A. 916;
 
 Commonwealth ex rel. Bucksbarg v. Good,
 
 162 Pa. Superior Ct. 557, 560, 58 A. 2d 842. It is clear that the loAver court had jurisdiction under §10 of the Uniform Criminal Extradition Act of July 8,1941, P. L. 288,19 PS §191.10, which specifically provides for a hearing by the court in a habeas corpus proceeding when brought by an alleged fugitive to test the legality of his arrest.
 

 That leaves for consideration the question Avhether the order dismissing the Avrit is supported by substantial competent evidence. If it is, the order must be affirmed. Cf.
 
 Commonwealth ex rel. Flower v. Supt. of Co. Prison,
 
 supra;
 
 Revocation of Mark’s License,
 
 115 Pa. Superior Ct. 256, 263, 176 A. 254;
 
 Commonwealth ex rel. Johnson v. Dye,
 
 159 Pa. Superior Ct. 542, 49 A. 2d 195. HoAvever, neither this Court, on revieAV, nor the court beloAV may inquire into the guilt or innocence of the accused. That is solely the function of the court of the demanding state having jurisdiction of the information, indictment, etc.
 
 Commonwealth ex rel. Bucksbarg v. Good,
 
 supra.
 

 The initial hearing Avas held on August 12, 1949, at Avliich time the executive Avarrant and the requisition in the extradition proceeding Avere introduced into evidence. This made out a prima facie case.
 
 Commonwealth ex rel. Davis v. Dye,
 
 161 Pa. Superior Ct. 74, 76, 53 A. 2d 750. Relator’s identity as the person Avanted by the demanding state was extablished by the testimony of Sheriff Hartranft of Tuscaloosa County. The prosecuting attorney of that county testified that if relator Avere returned he would receive a “perfectly fair trial.” The relator was present in court but did not testify in his OAvn behalf.
 

 
 *325
 
 Counsel for relator then moved for a one week continuance for the purpose of obtaining as Avitnesses, an investigator familiar Avith southern Negro problems and relator’s sister, to show that relator Avould be subjected to mob violence and possible lynching if returned to Alabama. The motion Avas denied by the court on the ground that a lapse of almost four months from the date the warrant was issued to the date of hearing rendered a further continuance unreasonable. The court then refused the writ whereupon relator obtained an order from our Supreme Court to sIioav cause Avhy a writ of habeas corpus should not issue and the relator released from custody upon entry of $1,000.00 bail.
 
 [1]
 

 Relator appealed to the Superior Court on September 1, 1949, and, upon agreement of counsel, this Court ordered the record remanded to the court beloAV “. . . for further hearing and consideration, and upon completion of the record the same shall be returned forthwith to this Court.” Pursuant to this order, the court beloAV held a further hearing on October 19, 1949, at which time relator took the stand and testified. HoAvever, at that hearing, held more than íavo months after the motion for a continuance was denied, relator failed, without explanation, to produce the Avitnesses, Avhom he previously represented he would call, or to call any other Avitnesses. No reasons were advanced Avhy these Avitnesses Avere not made available.
 

 The relator’s testimony, in summary, disclosed that as a result of a dispute between him and one Terry, during Avhich Terry struck him over the head Avith a pick-handle, relator stabbed Terry in the arm Avith a pen knife. He further testified that he ran from the scene,
 
 *326
 
 not returning to Ms home until the next day, at which time he saw four or five armed men about his house and overheard them say that they were looking for him and were going to “stretch his neck.” He then fled to Birmingham, thence to Detroit, New York and finally to Philadelphia where he was apprehended.
 

 There is no merit to relator’s position that this case is precisely analogous to
 
 Commonwealth ex rel. Mattox v. Supt. of Co.
 
 Prison, supra. There is absolutely no evidence in the case at bar, except relator’s own self-serving declarations, that he would be subjected to mob violence or that he would not receive a fair and impartial trial in Tuscaloosa County. The
 
 Mattox
 
 case is thus clearly distinguishable on its facts, for in the
 
 Mattox
 
 case an abundance of such evidence existed. The burden of proof was on the relator to convince the court below of the truth of his averments. That court was not convinced and dismissed the writ. We have examined the record with great care, particularly in light of the dire consequences relator alleges will occur upon his return to the demanding state, and we are satisfied that there was no abuse of discretion or disregard of substantial evidence by the court below. More than four years have elapsed since the commission of the crime charged. There is no evidence that in that four year period, or more particularly within the last six months, there was any mob violence, ill-feeling, lawlessness or abuse or mistreatment of relatives or close friends of the relator. They have continued to live peaceably where the crime was committed. Relator’s wife was at home while the four or five men were searching for him; there is no evidence that she was in any way molested, abused or maltreated. On the contrary, the evidence discloses that she continued to live and still lives in Tuscaloosa County
 
 *327
 
 ■without abuse or mistreatment engendered by her husband’s crime.
 

 We now turn to the final complaint of the relator, the crux of which is that the court below abused its discretion in refusing, at the hearing on August 12, 1949, his request for a continuance to a time sufficiently far distant to permit him to obtain witnesses from Alabama and bring them to Philadelphia. A continuance in such matters lies within the sound discretion of the court below and we will not disturb its action thereon unless a manifest abuse of such discretion is shown.
 
 Commonwealth v. Roberts,
 
 163 Pa. Superior Ct. 43, 45, 60 A. 2d 397. No such abuse of discretion appears in this record. The evidence clearly indicates that four months elapsed between the date of the issuance of the warrant (April 22, 1949) and the date of the first hearing (August 12, 1949), and two additional months to the hearing on October 19, 1949. Still, relator failed to produce any evidence (excepting his own testimony) to establish that he would not receive a fair trial or that he would be lynched if returned to Tuscaloosa County. In light of these circumstances, relator had ample time to secure the witnesses he desired but had utterly failed to do so. It is vain to say that another continuance would in any way afford relator an opportunity not heretofore possessed.
 

 The order of the court below is affirmed and the record is remitted to the court below with direction that relator forthwith surrender himself into the custody to which he was remanded and that the Governor’s warrant be fully carried into effect.
 

 [1]
 

 On October 3, 3949, the Supreme Court
 
 discharged
 
 the rule
 
 to
 
 show cause and all proceedings in that Court were thereby terminated.