**Commonwealth ex rel. Heaton v. Harvey**

764

*John Woodcock*, for relator.

*Frank Warfel*, District Attorney, for defendant.

KLEPSER, P. J., February 19, 1960. — Melvin T. Heaton was convicted in the Superior Court of Sampson County of North Carolina, August term, 1957, under docket no. 3175, charging breaking, entering and larceny, to which defendant entered a plea of guilty and judgment of the court was that he be confined in the State prison for a term of not less than eight nor more than 10 years. Melvin Heaton pleaded guilty in the above charge of breaking into a home and taking $60 in cash. Also the above named fugitive was convicted in the Superior Court of Wayne County, January term, 1958, under docket nos. 5517-25, charging breaking, entering and larceny, to which defendant entered a plea of guilty and judgment of the court was that defendant be confined in the State prison for a term of four and one-half years to be served after the expiration of the term of eight to 10 years. While serving his sentence and before the term of said sentences had expired, the fugitive escaped from the Or-

ange County Prison Unit, Hillsborough, N. C., on June 17, 1959.

The relator escaped to Altoona, where he was picked up by the police and brought to the city man's jail in Altoona, where he was docketed as a fugitive from justice from North Carolina. A warrant was later secured at Alderman Consiglio's, charging the subject as being a fugitive from justice and he was transferred from the city jail to the Blair County Jail on July 9, 1959, where he has been confined since that time.

John F. Sullivan, Esq., a member of the bar of this county, was duly appointed to represent the relator, Melvin T. Heaton, and he filed his petition for a writ of habeas corpus on August 10, 1959, and this court thereupon fixed September 21, 1959, at the Blair County Court House. Hearing was accordingly held and upon request additional time was granted to further consider some questions concerning the papers involved. Subsequently, Mr. Sullivan requested to be relieved from his presiding representation of Heaton for the reason that a member of the law firm in which Mr. Sullivan practiced having been appointed assistant district attorney thereby presented a conflict of interest, and this court substituted John Woodcock, Jr., Esq., as attorney for Heaton. Final hearing was then held and testimony received on February 1, 1960. This turn of events accounts for the delay in the final disposition of the instant case.

The relator, Melvin T. Heaton, was arrested by the Altoona City Police upon receipt of information by teletype from North Carolina that he was a fugitive from justice from that State. Heaton was picked up without the service of a warrant and placed in jail on June 24, 1959.

*Discussion*

The chief complaint of relator was that he was not given a hearing until July 9, 1959, a lapse of 15 days

from the date of his arrest and imprisonment. This is admitted by the said city police. Relator contends: (a) That the said delay of 15 days' time between arrest without a warrant and hearing was a denial of due process of law, which entitles him to be discharged; (b) That the extradition papers are insufficient as failing to allege the presence of the accused in the demanding State, and his flight therefrom, and (c) That he should not be returned to the demanding State for the reason that his life and physical well-being would be in danger.

In disposing of (b) and (c), supra, this court finds, after careful examination of the extradition papers, that the same are in proper order according to law and in conformity with the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288.

This court finds that relator is charged now with being an escapee from Orange County Prison Unit of Hillsboro, N. C., on June 17, 1959. The executive warrant shows on its face all the facts essential to its validity. It also provides evidence of every fact which the executive was obliged to determine before issuing it. See Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison, 220 Pa. 401; Commonwealth ex rel. Katz v. Philadelphia Prison Superintendent, 162 Pa. Superior Ct. 459.

Relator complains that if he is returned to the demanding State, his life will be in danger in another matter that will not be considered in a habeas corpus petition.

In Commonwealth ex rel. Hatton v. Dye, 373 Pa. 502, it was held:

"In a habeas corpus proceeding by a fugitive who is resisting extradition, no consideration will be given to the fugitive's allegation that if he is returned to the demanding state his life will be in danger."

Quoting further from the Dye case, supra, page 505:

" '. . . Under the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191 et seq., the extent of the proof required to sustain a State's requisition of another State for the extradition therefrom of a fugitive from justice is that the subject of the extradition is charged with a crime in the demanding State, that he was present in the demanding State at the time of the commission of the crime charged, that he is a fugitive from the demanding State and that the requisition papers are in order: see Commonwealth ex rel. Katz v. Philadelphia Prison Superintendent, 162 Pa. Superior Ct. 459, 460, 58 A. 2d 366 . . .' "

We come now to (a) the relator's contention that there was an unreasonable delay in affording him a preliminary hearing after arrest without a warrant. It is admitted by the arresting officers that 15 days ensued between the day of arrest and the preliminary hearing. The said police, in their testimony, point out that the delay was occasioned in obtaining full information from the demanding State and that immediately upon receipt of the necessary facts and information, relator waived his proffered preliminary hearing, and relator has not shown that this delay was unreasonable. In the instant case, we find that the delay was not unreasonable under the current circumstances whereby the police in securing the full information would necessarily require some time. Relator was prima facie a fugitive from justice and lost nothing by the delay in the holding of a preliminary hearing on the full facts. As the district attorney argues, it must be remembered that the period of any alleged "delay" must be computed from the time the police officer received the requisite information to present at the preliminary hearing.

All the cases construing the time in which a preliminary hearing must be held, hold that the hearing must be as soon as "practicable" or "reasonable under the circumstances". Under the case at bar, as in the other cases, there is no prescribed time within which a preliminary hearing must be held: Commonwealth ex rel. Lockoski v. Claudy, 172 Pa. Superior Ct. 330; Commonwealth ex rel. Romano v. Banmiller, 397 Pa. 606.

In the case at bar, the relator had no right to liberty; had he not been in the Altoona City Jail as a result of his escape from a North Carolina prison, his flight to Pennsylvania and his arrest here, he would no doubt have been deprived of his liberty at the North Carolina Prison Farm.

We find that in extradition, there are only three issues of fact: (1) Identification of the accused; (2) is there on the record a charge of crime, and (3) is defendant a fugitive. Unless the discharge of defendant in a habeas corpus proceeding is based upon one or more of these three questions, he may be rearrested and the proceeding started anew: Commonwealth ex rel. Wadley v. Baldi, 88 D. & C. 165. See Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison, supra.

In this case, Heaton was given every opportunity to present his case. This court appointed competent attorneys to represent him. He has had his day in court with ample opportunity to defend, on the merits, the right of the said State of North Carolina to have him extradited. We find that the Uniform Criminal Extradition Act has been followed. Bearing upon relator's complaint, it is significant that nowhere in his proceeding did he protest his innocence of any of the crimes charged.

*Order*

And now, February 19, 1960, the within matter having come on for hearing in open court, and upon

due consideration thereof, it is ordered that the writ of habeas corpus is hereby denied, and John E. Harvey, Warden of the Blair County Prison, is hereby authorized and directed to turn over the prisoner, Melvin T. Heaton, to the proper authorities of the State of North Carolina when the same present themselves.