## Commonwealth ex rel. Wilson v. Ague

*Bernard Goldstone*, for petitioner.
*Joseph J. Nelson*, for respondent.

McKAY, P. J., February 10, 1966.—This matter is before the court upon a petition by Harlan G. Wilson for a writ of habeas corpus. The present status of the case is that extradition papers have been completed for the return of plaintiff to the State of Illinois, the sheriff has arrested plaintiff on a Governor's warrant, and plaintiff has been admitted to bail pending determination of the present petition.

At a hearing held January 31, 1966, plaintiff produced evidence tending to establish the following facts: The Greenville Livestock Corporation, of which plaintiff is president, is engaged in the business of buying and selling livestock. On August 12, 1962, plaintiff went to Springfield, Ill., attended an auction sale conducted by Glenn Stoutenborough and purchased 25 horses at a price of $2,706.40, and gave the seller a check in that amount executed by the corporation and drawn on the First National Bank of Mercer. He placed the horses in a rented truck and returned them to Mercer County.

When Wilson left for Illinois, there were ample funds in the bank to pay this check, but while he was in that State, the United States Internal Revenue Service attached approximately $1,900 of the corporation's

bank account for unpaid government taxes, so that when the check was presented to the bank, it was dishonored because of insufficient funds. When Wilson learned this, he telephoned to Stoutenborough and explained the circumstances and offered to execute a note to the latter for the amount of the check. Stoutenborough agreed to take the note, whereupon Wilson mailed it to him. Subsequently, Stoutenborough entered the note as a judgment in the Court of Common Pleas of Mercer County at June term 1963, no. 38. Later at an auction, the Sheriff of Mercer County made a levy on Wilson's assets and collected $629.27 on account of the judgment.

On August 17, 1964, Stoutenborough appeared before Frank A. Ledferd, then a magistrate in Sangamon County, Ill., and filed a complaint against Wilson charging him with theft by deception, which is a felony under the laws of Illinois, the theory of the prosecution being that he had obtained the 25 horses plus $50 in cash at the August 12, 1962, auction by giving the seller a check when there were insufficient funds to cover it.[1]

On August 18, 1964, Stoutenborough appeared before Joseph P. Knox, Clerk of the Circuit Court of Sangamon County, and made an affidavit as to the facts upon which the complaint was based, setting forth therein the details of the 1962 auction sale and the giving of the check without sufficient funds. The affidavit averred specifically "That your affiant seeks the return of the said Harlan Wilson to Sangamon County in good faith and for *the sole purpose* of prosecuting the said

---

[1] We are informed that the giving of a check with insufficient funds is a misdemeanor under Illinois law, but, in this instance, the felony of theft by deception was charged. In our opinion, the offense was nothing more than the misdemeanor, and charging the conduct as a felony of plaintiff was possibly done to comply with the requirements of the extradition statute.

Harlan Wilson for the crime charged and *not to answer any private end or purpose whatsoever*". On December 29, 1965, Ledferd, no longer a magistrate, executed a certificate as to the accuracy of the complaint and affidavit and the warrant for arrest, and the Circuit Court certified that Ledferd was a magistrate at the time of the making of the complaint. On December 29, 1965, Raymond L. Terrell, State's Attorney for Sangamon County, petitioned the Governor of Illinois for a requisition upon the Governor of Pennsylvania of the arrest and rendition of Wilson, attaching to the petition the copy of the original complaint and warrant, the certificate of Ledferd as to their accuracy and the accuracy of the affidavit of Stoutenborough, to which reference has been made, and the certificate of the Clerk of Sangamon County that Ledferd was a magistrate at the time the complaint and affidavit were made. There was also attached to the petition a printed definition of the crime of theft under the Illinois statutes, which included: "A person commits theft when he knowingly:— (b) Obtains by deception control over property of the owner", and a printed statement of the rules of practice in interstate rendition proceedings.

The petition averred, inter alia, that Wilson was personally present in Illinois when committing the crime and that he had fled from justice and taken refuge in the State of Pennsylvania.

Pursuant to the petition, the Governor of Illinois requested the Governor of Pennsylvania to have Wilson apprehended and delivered to Enos Hardy, the authorized agent to receive him, and return him to Illinois for disposition of his case. On January 7, 1966, Governor Scranton issued a warrant directed to the Sheriff of Mercer County commanding him to take Wilson into custody and deliver him to the Illinois agent. The Governor of Illinois had reported that Wilson stood

charged with the crime of theft, was a fugitive from the justice of Illinois, had taken refuge in Pennsylvania and was then in Pennsylvania.

Plaintiff, in support of his petition for the writ of habeas corpus, contends that the extradition is being sought for private purposes, viz., the collection of the balance due on the note, and not for the alleged crime charged, and, further, that the extradition papers do not comply with the requirements of the law in several respects.

From the evidence adduced at the hearing, it is obvious that plaintiff's contention with respect to the purpose of extradition is correct. Notwithstanding the affidavit of Stoutenborough dated August 18, 1964, wherein he says that he seeks Wilson's return to Illinois "in good faith and for the sole purpose of prosecuting the said Harlan Wilson for the crime charged and not to answer any private end or purpose whatsoever", the rest of the affidavit and the testimony before the court make it crystal clear that the only purpose of the extradition proceeding is a purely private one. If Stoutenborough had been concerned with prosecuting Wilson for the crime of theft by deception, he would have refused the note and proceeded promptly with a prosecution. Instead, he accepted the note, later filed it and collected part of it and delayed the prosecution for two years. No conclusion is conceivable other than that Stoutenborough is now concerned only with collecting the money due him.

The Uniform Extradition Act, which is effective in both Illinois and Pennsylvania,[2] provides in section 23 [3] that the application of the demanding State for requisition must certify that in the opinion of the prosecuting attorney ". . . the ends of justice require the arrest

[2] The Pennsylvania Act is that of July 8, 1941, P. L. 288, 19 PS §191.

[3] 19 PS §191.23.

and return of the accused to this State for trial, and that the proceeding is not instituted to enforce a private claim". In the instant case, the State's attorney's petition meets this requirement, as does the affidavit of Stoutenborough attached to the petition. However, the facts, as disclosed at the hearing and as supported by all of the attendant circumstances, including the records of this court, with respect to the execution on the judgment entered upon the note given in payment of the check, all indicate that the affidavit of Stoutenborough and the certificate of the State's attorney are unfounded. The present proceeding is nothing more or less on its face than a bald attempt to prostitute extradition procedure for the purpose of collecting a private debt, and the writ of habeas corpus should be granted upon that ground alone. Where extradition is sought to collect private debts, it is within the power of the Governor to refuse to issue it (22 Am. Jur. 254, §15), and where extradition is issued despite its invalidity, the remedy of habeas corpus is available to petitioner, and defendant should be discharged: Commonwealth ex rel. King v. Schmucker, 3 Lyc. 66; Commonwealth ex rel. Filson v. Weimer, 65 Pitts. L. J. 801.

It will be noted that we are not undertaking to determine whether or not petitioner was guilty of the crime charged, but solely whether from the facts of record and the papers filed the requirement of public prosecution has been met. In Commonwealth ex rel. v. Superintendent of Philadelphia County Prison, 220 Pa. 401, which holds that the court on habeas corpus will not consider evidence that criminal proceedings in the demanding State were instituted with improper motives, the record did not, as in this case, disclose the patent private purpose of the prosecution. An accused person may always challenge the validity of extradition proceedings against him by habeas corpus: Commonwealth ex rel. Katz v. Philadelphia Prison

Superintendent, 162 Pa. Superior Ct. 459. As stated by Mr. Justice Cohen, in Commonwealth ex rel. Aronson v. Price, 412 Pa. 493, at page 495, "Although the courts of the surrendering state possess only a limited scope of review over an extradition procedure, there is an obligation to make certain that the requirements of the Uniform Criminal Extradition Act have been satisfied before permitting one to be surrendered to the executive authority of the demanding state". This statement is particularly appropriate in the instant case.

Further, the extradition papers disclose on their face other defects which make it necessary to hold this proposed extradition unlawful. For example, it is fundamental that the papers must disclose that the accused committed a crime in the demanding State and that the requirements of the law of that State have been complied with. This was not done in the instant case. In the first place, the law of Illinois requires that "All prosecutions of felonies shall be by indictment unless waived understandingly by the accused in open court": 38 Ill. Ann. Stat., §111-2 effective January 1, 1964.[4] In the instant case, the theft by deception alleged to have been committed was instituted by a complaint before a magistrate, contrary to the above-stated statute. Under the Illinois Criminal Code, a person convicted of theft of property exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years: 38 Ill. Ann. Stat. §16-1. This is a felony, for in Illinois, "felony means an offense punishable with death or by imprisonment in the penitentiary: 38 Ill. Ann. Stat. §2-7. An indictment in Illinois, as in most jurisdictions, means "a written statement presented by the Grand Jury to a court, which charges the commission of an offense": 38 Ill. Ann. Stat. §102-11. Hence, since the law of Illinois requires the prosecution for a felony by indicat-

---

[4] It will be noted that the complaint in the instant case was filed August 17, 1964.

ment, and not by a complaint before a magistrate, and the present record discloses that the prosecution was commenced by a complaint before a magistrate, the papers before us disclose that Wilson's prosecution was not instituted according to the law of the demanding State, and for this reason, he should be discharged.

Again, the affidavit attached to the prosecuting attorney's petition was not made before a magistrate, as is required by the Illinois law: People ex rel. Coats v. Sain, 24 Ill. 2d 245, 181 N. E. 2d 179. In the instant case, as in the Coats case, the affidavit was sworn to before a clerk of the county court, and the Illinois courts hold that it is mandatory that an affidavit in an extradition proceeding must be executed before a judicial officer, i.e., a magistrate, and not before a clerk.

Again, an affidavit supporting an extradition petition must set forth the facts upon the knowledge of the affiant and be sufficient to warrant the finding of probable cause: Raftery v. Bligh, 55 F. 2d 189. It is insufficient that such an affidavit be verified on information and belief: People v. Siex, 312 Ill. App. 657, 39 N. E. 2d 84. In the instant case, the affidavit attached to the prosecuting attorney's petition is verified upon information and belief only, contrary not only to the Illinois law as declared in the Siex case, but to the printed rules of practice attached to and made a part of the requisition itself, which read, in part:

"If an affidavit is attached it may be in the form of a complaint, it must definitely charge the alleged fugitive with crime. A complaint in which the affiant states that he has reasonable grounds to believe and does believe that the accused committed the offense is not sufficient".

For the above reasons, it is clear that the extradition proceedings against Harlan G. Wilson do not comply with the law and that defendant must be discharged from custody.

324

Now, February 10, 1966, it is ordered that Harlan G. Wilson, plaintiff in the above-entitled habeas corpus proceedings, be discharged from custody.